UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ND PACKAGING LLC,

          Plaintiff,

v.                                                                              Case No. 22-cv-0991-bhl

TAIWAN ENDURANCE CO LTD,

          Defendant.

## ORDER

        On August 29, 2022, Plaintiff ND Packaging LLC filed a complaint against Taiwan Endurance Co. Ltd. claiming breach of representations and warranties, breach of contract, and indemnification for an OSHA investigation conducted as a result of allegedly defective equipment it claims it was sold by Taiwan Endurance. (ECF No. 1.) Several months later, ND Packaging's counsel informed the Court that Taiwan Endurance, based in Taipei, Taiwan, had been served with the complaint. (ECF No. 9.) Taiwan Endurance answered the complaint on February 17, 2023. (ECF No. 10.) On March 14, 2023, the parties filed a joint Federal Rule of Civil Procedure 26(f) report. (ECF No. 13.) That report indicated, among other things, that the parties agreed all amended pleadings would be due on or before May 5, 2023. (*Id.* at 2.) The Court held a scheduling conference on March 22, 2023. (ECF No. 15.) In the resulting scheduling order, the Court ordered that amended pleadings must be filed on or before May 5, 2023, the agreed-upon date. (ECF No. 16.) Thus, any amendments requested after that date would need to be accompanied by a motion and proof of good cause.

        On May 6, 2023, one day *after* the Court-ordered deadline had expired, Taiwan Endurance filed what purports to be a counterclaim. (ECF No. 19.) Contrary to the terms of the scheduling order, the unauthorized pleading was not accompanied by a motion or any proof or argument supporting good cause. Instead, Taiwan Endurance simply filed a 35-page would-be pleading, along with 54-pages of exhibits, alleging an array of *thirteen* causes of action against ND Packaging. Instead of ignoring the untimely document, ND Packaging moved to dismiss the counterclaim on June 28, 2023. (ECF Nos. 22 & 23.) Taiwan Endurance failed to respond timely.

After two-and-a-half months passed without a response, the Court entered a text only order stating it would grant the motion if Taiwan Endurance did not respond within seven days. (ECF No. 26.) Only then, on September 20, 2023, did Taiwan Endurance finally file an opposition to try to justify its unfocussed proposed counterclaims. (ECF No. 27.)

The Court's scheduling order stated that Federal Rule of Civil Procedure 15 would apply to amended pleadings filed after May 5, 2023. (ECF No. 16 at 1.) Rule 15 allows a party to amend its pleading "only with the opposing party's written consent or the court's leave" and that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). And Federal Rule of Civil Procedure 16(b)(3)(A) requires the district court to limit the time parties may have to join other parties, complete discovery, file motions, and, most relevant here, amend the pleadings. Once the scheduling order is set, it may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). A court may apply either Rule 15 or Rule 16's heightened standard for late pleadings because "failure to satisfy either rule is fatal[.]" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) (citing *Alito v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)); *but see Financial Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654 (7th Cir. 2022) (determining Rule 15 standard applied where scheduling order stated Rule 15 applies to amending pleadings after the deadline and that "the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment").

In filing its purported counterclaim, Taiwan Endurance neither asked for consent nor attempted to make a showing of good cause. "Generally speaking, it is reasonable to conclude that a [party] is not diligent [under Rule 16(b)(4)'s good cause standard] when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline." *Allen*, 41 F.4th at 853. And under Rule 15(a)(2)'s standard, a court may deny leave to amend where futility, undue delay, or prejudice to another party exists. *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019).

Taiwan Endurance's filing does not comply with scheduling order or the federal rules. The filing is therefore a nullity. None of the claims presented in the unauthorized filing are properly before the Court. ND Packaging's motion to dismiss is denied as moot.[1]

---

[1] The Court notes that many of the substantive arguments in ND Packaging's motion appear meritorious. But given Taiwan Endurance's failure to comply with the rules and this Court's scheduling order, the Court need not resolve the dismissal arguments on their merits.

Accordingly,

**IT IS HEREBY ORDERED** that ND Packaging's motion to dismiss Taiwan Endurance's counterclaim, ECF No. 22, is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin on March 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
