UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ND PACKAGING LLC,

            Plaintiff,

v.                                                          Case No. 22-cv-0991-bhl

TAIWAN ENDURANCE CO LTD,

            Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT IN PART

      This lawsuit concerns Plaintiff ND Packaging LLC's claim that it purchased defective equipment from Defendant Taiwan Endurance Co. Ltd. (ECF No. 1.) Based on this claim, ND Packaging has sued Taiwan Endurance for breaches of multiple representations and warranties in the parties' Purchase Agreement and for indemnification of its costs relating to an OSHA investigation. (*Id.*) On February 9, 2024, ND Packaging moved for summary judgment. (ECF No. 29.) Taiwan Endurance's response to the motion is problematic. It was filed nearly three months late and makes no mention of its untimeliness. (*See* ECF No. 31.) The response also fails to comply with basic summary judgment procedure. It does not reproduce and respond to each of ND Packaging's proposed undisputed facts, as required by Civil Local Rule 56(b)(2)(B)(i), and while Taiwan Endurance purports to dispute certain facts underlying ND Packaging's motion, it does so without any reference to admissible evidence, as required by Civil Local Rule 56(b)(2)(B)(ii) and Federal Rule of Civil Procedure 56(c). The cumulative effect of these failures is that ND Packaging's factual assertions are left uncontested. *See* Civ. L.R. 56(b)(4) and Fed. R. Civ. P. 56(e)(2). Based on those undisputed facts, the record establishes Taiwan Endurance's breaches and ND Packaging's damages, and the Court will therefore grant ND Packaging's motion for summary judgment with respect to its breach of contract claims. Even with the undisputed facts, however, ND Packaging still has not supported its request for summary judgment on its indemnification claim, and that portion of its motion will be denied.

# BACKGROUND[1]

ND Packaging is a limited liability company that owns and operates a paper mill near Sturtevant, Wisconsin. (ECF No. 1 ¶1.) Taiwan Endurance is a company incorporated in Taiwan that designs and manufactures conveyer equipment. (*Id.* ¶2.); *see also* Taiwan Endurance, Ltd., Efficient Quality Management, http://www.conveyor.com.tw/ (last visited Aug. 23, 2024). On April 23, 2020, ND Packaging and Taiwan Endurance signed a Purchase Agreement under which ND Packaging agreed to purchase a Board Handling System, a Roll Handling System, and "all related software, equipment, components, and parts." (ECF No. 29 ¶¶1, 3; ECF No. 29-1 at 2.) On the same day, the parties also signed an amendment to the Purchase Agreement under which ND Packaging agreed to purchase an additional Board Handling System. (ECF No. 29 ¶1.) ND Packaging then timely paid the entire purchase price in the manner the Purchase Agreement dictated. (*Id.* ¶4; ECF No. 29-4.)

In Section 13 of the Purchase Agreement, entitled "Warranties," Taiwan Endurance expressly warrants that the Equipment it sold to ND Packaging will be: "free of any and all defects in material, workmanship, and design;" "fit for the purpose and use" of ND Packaging; and would "conform and perform in accordance" with the Purchase Agreement's technical specifications. (ECF No. 29 ¶3; ECF No. 29-1 at 7.) Section 13 further provides that if ND Packaging notifies Taiwan Endurance of any failure to comply with an applicable warranty during the Warranty Period, Taiwan Endurance is obligated, "at its own expense," to "promptly repair, modify, adjust or replace and install" any Equipment or components or to "re-perform" any services to achieve compliance with the applicable warranties. ND Packaging also reserved the right to perform repairs itself: if ND Packaging wished to perform repairs using its own mill crews, Taiwan Endurance agrees to reimburse ND Packaging for the labor costs. And if the work is performed by an outside contractor, Taiwan Endurance agrees "to pay the contractor for such work." (ECF No. 29-1 at 8.) The warranties in Section 13 remain in force for twenty-four months following the date the Equipment was first put into successful operation. (*Id.*)

Section 15 of the Purchase Agreement provides ND Packaging with broad indemnification rights. Taiwan Endurance agrees to "indemnify and hold [ND Packaging] harmless from and

---

[1] The facts are derived from ND Packaging's Statement of Proposed Material Facts, along with other filings on the docket. (ECF No. 1; ECF No. 29 at 2–8; ECF No. 35.) As noted above, Taiwan Endurance did not respond timely or properly to ND Packaging's proposed statement of facts, and they are therefore deemed admitted for summary judgment purposes. *See* Civ. L.R. 56(b)(4).

against any damages, costs, expenses, fees, fines, penalties, los[s]es, and liabilities arising out of or in connection with any actual or alleged claim, action[,] proceeding[,] or suit against [ND Packaging] by a third party alleging that or resulting from [ND Packaging's] receipt, possession, use, sale, or offer for sale any Equipment." (ECF No. 29 ¶7.)

In conjunction with the sale, Taiwan Endurance promised to begin installation of the equipment at ND Packaging's Sturtevant facility on August 15, 2020, so that the equipment would operate beginning November 10, 2020. (*Id.* ¶5.) Taiwan Endurance eventually began installation of the equipment on November 3, 2020, almost three months behind schedule. (*Id.* ¶8.) On October 18, 2021, ND Packaging's Facebook page advertised that it was open for business. (ECF No. 31-1.) Taiwan Endurance left the plant on November 10, 2021. (ECF No. 29 ¶8.)

Ultimately, ND Packaging contends the equipment never worked for its intended purpose. (*Id.* ¶9.) The system's robotic arm "constantly break[s] down, particularly because the strength of the robotic arm was insufficient to lift the stacked cardboard boxes," meaning "the robot literally tear[s] itself apart." (ECF No. 29-10 ¶9.) The Roll Handling System, designed "to move and load large paper rolls to be turned into cardboard boxes," "effectively does not function at all" because, while designed to be automated, "the large paper rolls simply stopped moving when in the automatic mode and had to be manually switched." (*Id.*) Its roll lifter, scale, and automatic labeling likewise "do[] not work." (*Id.*) And neither does the roll feeder, because it fails to "correctly position the paper roll." (*Id.*) The software likely caused the Roll Handling System's problems, and because ND Packaging did not have "access to Taiwan Endurance's password … ND Packaging has been unable to find anyone who can, or is willing to, fix the system." (*Id.*)

The Board Handling System also had a system that controlled the movement of materials on the assembly line, but it would "send product[s] to random and incorrect locations." (*Id.*) ND Packaging eventually hired "repair technicians to revise the logic." (*Id.*) The pallet inserter likewise did not work because "it was only able to work with the highest quality pallets, Grade A pallets, which ND Packaging did not use." (*Id.*) Taiwan Endurance suggested ND Packaging begin using only Grade A pallets, but regardless, "the pallet inserter did not function properly at all," so ND Packaging "eventually dismantled and disposed of th[e] equipment." (*Id.*) ND Packaging used manual labor and forklifts instead. (*Id.*) Finally, the automatic bottom-sheet feeder, meant to "place paper around stacks of boxes to protect them on pallets," also failed to work. (*Id.*) ND Packaging fed the paper manually and eventually replaced this system, too. (*Id.*)

The equipment failures proved costly. ND Packaging paid out $22,700 to remove the robot part of the Board Handling System, along with another $170,000 to install a load former to replace the robot. (ECF No. 29 ¶11.) The Roll Handling System, which ultimately failed to work, cost ND Packaging $1,080,000 to design and install. (*Id.* ¶12.) The Pallet Inserter cost ND Packaging another $240,000, and the Automatic Bottom-Sheet Feeder required additional labor costs of $51,660. (*Id.* ¶¶14, 15.) ND Packaging was able to fix Cart Movement and Conveyor Logic at a cost of $444,333 and replace the Automatic Bottom-Sheet Feeder for $61,162. (*Id.*) All told, according to ND Packaging, the company has sustained $2,069,855 in damages as a result of the defective equipment. (ECF No. 29-9 ¶16.)

ND Packaging attempted to resolve these problems with Taiwan Endurance prior to filing suit. (ECF No. 29 ¶17.) As required by the Purchase Agreement, ND Packaging notified Taiwan Endurance about the equipment's issues multiple times during the warranty period. (*Id.* ¶18.) Taiwan Endurance offered to repair, replace, or partially compensate ND Packaging for the equipment that it failed to operate correctly. (*Id.* ¶19.) When Taiwan Endurance failed to adequately fix the systems as the Purchase Agreement required it to do, ND Packaging demanded full money compensation in order to have "more competent" contractors fix the equipment. (*Id.*) Even though Taiwan Endurance "repeatedly recognized" the problems it caused, these discussions were to no avail. (*Id.* ¶17.)

Ultimately, ND Packaging filed this lawsuit in August 2022. (ECF No. 1.) Taiwan Endurance's personnel came back to the ND Packaging mill after ND Packaging filed this suit, where Taiwan Endurance "effectively admitted that there were problems with the Equipment and agreed to compensate … or remediate, some of the problems." (ECF No. 29 ¶16.)

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine"

only if a reasonable trier of fact could find in favor of the nonmoving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts" and provide specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citing Fed. R. Civ. P. 56(e)). If the parties assert different views of the facts, the Court must view the record in the light most favorable to the nonmoving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Even where a nonmovant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [is] proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yanick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

As noted above, Taiwan Endurance's response was late and did not comply with basic summary judgment procedure. Under Civil Local Rule 56(b)(2), Taiwan Endurance's response to the motion was due March 11, 2024, but it did not respond until May 31, 2024. (ECF No. 31.) The response also failed to address ND Packaging's proposed findings of fact in accordance with the Local Rules and failed to support its own proposed findings of fact with affidavits or declarations sufficient to put the facts in dispute. (*See id.* at 4–13.) A party claiming a fact is in dispute does not make it so without proper documentary support for that proposition. *See* Fed. R. Civ. P. 56; *Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986) ("Rule 56(c) suggests that the [summary judgment] decision should be made on affidavits and documentary evidence."). And "[w]hen a party fails to support a factual assertion in connection with a motion for summary judgment," the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(e)). The Court will therefore deem ND Packaging's proposed material facts as undisputed for purposes of this motion.

## ANALYSIS

ND Packaging seeks summary judgment on all three of its claims: breach of representations and warranties in the Purchase Agreement, breach of contract for the Purchase Agreement, and indemnification. (ECF No. 29.) Because ND Packaging has provided evidence to support its breach of contract and breach of warranty claims, and Taiwan Endurance has not properly disputed those facts, ND Packaging's motion for summary judgment will be granted with respect to those claims. ND Packaging has not, however, come forward with sufficient evidence to entitle it to summary judgment on its indemnification claim. Accordingly, that portion of its motion will be denied.

I. **ND Packaging Is Entitled to Summary Judgment on Its Breach of Contract and Warranty Claims.**

ND Packaging seeks summary judgment on its claims that Taiwan Endurance breached multiple provisions, including the express warranties, in the Purchase Agreement.[2] (*See* ECF No. 29 at 8–11.) In Wisconsin, to prevail under a breach of contract claim requires proof of three elements: (1) a valid contract; (2) breach of that contract by the defendant; and (3) damage from the breach. *Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 965 (7th Cir. 2018); *Nw. Motor Car, Inc. v. Pope*, 187 N.W.2d 200, 202 (Wis. 1971). Express warranties that goods will conform to an affirmation or promise exist when a seller makes "[a]ny affirmation of fact or promise … to the buyer which relates to the goods and becomes part of the basis of the bargain." *AEP Indus., Inc. v. Thiele Techs., Inc.*, No. 16-C-391, 2016 WL 4591902, at *5 (E.D. Wis. Sept. 2, 2016) (quoting Wis. Stat. § 402.313(1)(a)). Thus, to prove the existence of a warranty, the elements are (1) an affirmation of fact; (2) inducement to the buyer; and (3) reliance by the buyer. *Pagoudis v. Keidl*, 988 N.W.2d 606, 612 (Wis. 2023) (citing *Selzer v. Brunsell Bros., Ltd.*, 652 Wis. N.W.2d 806, 811 (Wis. Ct. App. 2002)).

ND Packaging argues that the undisputed facts establish all three elements of its breach of contract claims. First, it points to evidence that the parties entered into a valid contract—the Purchase Agreement. (ECF No. 29 at 9–10.) Second, it points to the declarations it has submitted showing that Taiwan Endurance breached the contract, including several express warranties. More

---

[2] ND Packaging's complaint asserts three claims for relief: breach of representations and warranties, breach of contract, and indemnification. (ECF No. 1 ¶¶22–42.) Its motion does not differentiate between its breach of warranty and breach of contract claims. Given that both claims sound in contract, *see 1325 N. Van Buren, LLC v. T-3 Grp., Ltd.*, 716 N.W.2d 822, 839 (Wis. 2006), and neither party has suggested any other approach, the Court will follow ND Packaging's lead and analyze both claims together.

specifically, it points to record evidence that because the cart and conveyor processes, the Kuka Robot, and the Automatic Bottom-Sheet Feeder did not work automatically and instead required manual work-arounds, Taiwan Endurance breached its warranty "that the Equipment will be of good and workmanlike quality and free of any and all defects in material, workmanship, and design." (ECF No. 29-1 at 7; ECF No. 29-9 ¶¶10–15.) Third, ND Packaging points to evidence that it suffered monetary damages in the sum of $2,069,855 as a result of the breaches. (ECF No. 29-9 ¶16.) The Court agrees that ND Packaging has come forward with sufficient evidence to establish all elements of its breach of contract and breach of warranty claims.

The summary judgment burden therefore shifts to Taiwan Endurance to come forward with evidence that shows a genuine issue for trial. Taiwan Endurance has failed to meet this burden. With respect to the facts ND Packaging identifies as material and undisputed, Taiwan Endurance's late-filed and procedurally inadequate response renders those proposed matters undisputed. And, as for any additional facts that might be disputed and relevant to summary judgment, Taiwan Endurance has failed to support any such propositions with evidence. In its opposition, Taiwan Endurance simply asserts "[t]here are genuine disputes over material facts that preclude summary judgment." (ECF No. 31 at 3.) But this broad statement accomplishes nothing; it is unsupported by any actual admissible evidence.

Accordingly, while Taiwan Endurance argues that summary judgment is inappropriate because a jury could find that ND Packaging itself breached the contract, Taiwan Endurance has offered no evidence that would allow a jury to find such a breach. It contends that ND Packaging: (1) refused to allow it to perform its warranty obligations under the contract; (2) failed to substantiate the functionality of the equipment or its claimed damages; and (3) rejected Taiwan Endurance's repeated offers to "inspect, repair, or even replace" the "broken parts." (*Id.* at 15–18, 21.) These are all reasonable summary judgment arguments, but without admissible evidence to support them they do not create issues of material fact. *See* Fed. R. Civ. P. 56(e). Merely asserting that facts exist or are in dispute does not make it so.

Instead of citing affidavits, declarations or other admissible evidence, Taiwan Endurance relies upon its own now-stricken counterclaim. (*See* ECF No. 31 at 5 (citing ECF No. 19.).) But a party's own pleading is not evidence of the matters alleged. *See United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1265 (7th Cir. 1990) ("A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists

is insufficient to raise a factual issue." (quoting *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983))). Moreover, the proposed counterclaim was filed late and unaccompanied by any motion establishing good cause, with the result that the Court declared it a nullity. (ECF No. 30.) It is not evidence of any substantive allegation made in this lawsuit.

In the end, the record is undisputed that the parties entered into a valid contract—the Purchase Agreement—which required Taiwan Endurance to perform certain obligations in exchange for ND Packaging's payment. ND Packaging has introduced evidence that it paid all sums due, but that Taiwan Endurance failed to fulfill certain identified obligations under the Purchase Agreement by, among other things, beginning installation three months late and then installing defective equipment that either did not work or that cost millions of dollars to repair. (ECF No. 29 ¶¶5, 8–9, 11–15.) ND Packaging has also come forward with evidence that it notified Taiwan Endurance of these breaches within the warranty period and that Taiwan Endurance failed to remedy them. (*Id.* ¶¶4, 17–19.)

The record also supports ND Packaging's request for damages. For contracts that involve nonconforming goods, an injured buyer is entitled to "damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach." Wis. Stat. § 402.714(1). Where the seller breaches a warranty, the buyer is titled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." § 402.714(2). Buyers may also receive incidental and consequential damages. § 402.714(3); *Dental Health Prods., Inc. v. Sunshine Cleaning Gen. Servs., Inc.*, 657 F. Supp. 3d 1151, 1156 (citing *Peterson v. Cornerstone Prop. Dev., LLC*, 720 N.W.2d 716, 730 (Wis. Ct. App. 2006)).

ND Packaging has provided evidence of $2,069,855 in damages stemming from Taiwan Endurance's breaches. This sum includes $1,080,000 for the purchase price of the defective Roll Handling System; $192,700 for the replacement costs of the robot arm ($170,000 installation of a new machine and $22,700 to remove the defective machine); $444,333 to hire repair technicians to revise the cart and conveyor equipment; $240,000 for the pallet inserter installation; $51,660 in labor costs for the Automatic Bottom-Sheet Feeder machine; $61,162 in replacement costs for the bottom-sheet feeder machine; all of which totals to $2,069,855. (ECF No. 29 ¶¶11–15.) The amounts are based on a declaration from Wendy Berryman, who had first-hand knowledge of the damages based on her knowledge of ND Packaging's books and records and expenditures on

equipment. (ECF No. 29-9 ¶¶1–7.) This makes her declaration appropriate evidence for summary judgment. *See Garber v. Amazon.com, Inc.*, 380 F. Supp. 3d 766, 770 (N.D. Ill. 2019).

While Taiwan Endurance purports to dispute ND Packaging's damages, it has again offered no competent evidence to support this argument. Taiwan Endurance claims that there is a lack of "detailed documentation and invoices." (ECF No. 31 at 16.) But damages need to be proved with specificity; there is no legal requirement for any particular documentation. *See Assaf v. Trinity Med. Ctr.*, 821 F.3d 847, 848 (7th Cir. 2016) ("As the party seeking to recover damages, [the plaintiff] bears the burden of proving that he did, in fact, suffer actual damages and must establish a reasonable basis for computation of those damages."). ND Packaging has offered a sworn statement from an individual with first-hand knowledge of its damages and this is sufficient. To the extent Taiwan Endurance claims ND Packaging could have, but failed to, mitigate its damages, it is Taiwan Endurance's burden to establish that failure. *See Kuhlman, Inc. v. G. Heileman Brewing Co.*, 266 N.W.2d 382, 384 (Wis. 1978). But there is no evidence of that here either. The undisputed facts suggest the opposite. ND Packaging attempted to fix the issues with Taiwan Endurance prior to filing suit and notified Taiwan Endurance of the equipment's issues several times. (ECF No. 29 ¶¶8, 18–19.) Taiwan Endurance has introduced no competent evidence that ND Packaging failed to appropriately mitigate its damages. Because ND Packaging has shown each element of a breach of contract claim, summary judgment will be granted on that claim. *See Gallo*, 907 F.3d at 965.

## II. The Court Cannot Grant Summary Judgment on ND Packaging's Indemnification Claim.

ND Packaging's complaint also alleges Taiwan Endurance breached its indemnification obligations. (*See* ECF No. 1 ¶¶37–42.) At summary judgment, ND Packaging insists that Taiwan Endurance promised to indemnify and hold ND Packaging harmless from and against "any damages, costs, expenses, fees, fines, penalties, los[s]es, and liabilities arising out of or in connection" with any claim, action, or suit against ND Packaging. (ECF No. 29 at 9–10 (citing *id.* ¶7).) Taiwan Endurance challenges this point, claiming that the indemnification obligations are limited and do not cover ND Packaging's own willful or negligent misconduct. (ECF No. 31 at 7.)

Other than referencing it in passing, ND Packaging's summary judgment materials are largely silent on the indemnification claim. ND Packaging asserts that Taiwan Endurance "[g]rant[ed] [ND Packaging] certain Indemnities," but there is no evidence in the summary

judgment record of how Taiwan Endurance failed to fulfill its obligations under the indemnity clause. (*See* ECF No. 29 at 9.) Nor is there evidence of any damages directly attributable to Taiwan Endurance's alleged failure to indemnify ND Packaging. (*See* ECF No. 1 ¶¶37–42.) Without evidence supporting its allegations that Taiwan Endurance breached the Purchase Agreement's indemnification clause, summary judgment cannot be granted on the indemnification claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that ND Packaging's Motion for Summary Judgment, ECF No. 29, is **GRANTED in part** and **DENIED in part**. It is granted with respect to its breach of contract and warranty claims. It is denied with respect to its indemnification claim.

Dated at Milwaukee, Wisconsin on August 23, 2024.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge